IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-CR-00197-RJC-DCK

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TIMOTHY GOVERNOR ) | |
| ALEXANDER (1) ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for correction of his sentence computation, (Doc. No. 110), and follow-up letter, (Doc. No. 111).

On May 25, 2006, this Court sentenced the defendant to 235 months' imprisonment to be served concurrently with a 120-month sentence imposed in the Middle District of North Carolina on December 17, 2004, but consecutively to a 60-month sentence in that same case. (Doc. No. 66: Judgment at 2). The defendant claims the 60-month sentence has been vacated in light of United States v. Davis, 139 S. Ct. 2319 (2019); therefore, he should only be required to serve 235 months for both cases. (Doc. No. 110: Motion at 2). According to a record attached to the motion, the Bureau of Prisons calculated that the defendant's aggregated sentence is 21 years and 8 days, or just over 252 months. (Id. at 6).

It is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). It appears

that the defendant is mistaken because the 17 months that he served on the Middle District case prior to being sentenced by this Court cannot be credited toward this Court's sentence. 18 U.S.C. § 3585(b) (prohibiting awarding credit for time that has been credited against another sentence). However, if a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for correction of his sentence computation (Doc. No. 110) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge

---

[1] The defendant is serving his sentence at FCI-Pollack in the Western District of Louisiana. (Doc. No. 111: Letter at 1).